## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SWING HOUSE STAGES, INC., d/b/a <br> Swing House Rehearsal and Recording, Inc. <br> 9144 Owensmouth Ave <br> Chatsworth, California 91311 <br><br> Petitioner, <br><br> v. <br><br> ISABELLA GUZMAN, Administrator of <br> the UNITED STATES SMALL BUSINESS <br> ADMINISTRATION, <br><br> Serve:  Isabella Casillas Guzman <br> Administrator <br> U.S. Small Business Administration <br> Office of the Administrator <br> 409 Third Street, SW <br> Washington, D.C. 20416 <br><br> Merrick B. Garland <br> United States Attorney General <br> U.S. Department of Justice <br> 950 Pennsylvania Ave. <br> Washington, D.C. 20530 <br><br> Matthew M. Graves <br> United States Attorney for the <br> District of Columbia <br> U.S. Attorneys Office <br> 601 D Street, NW <br> Washington, D.C. 20001 <br><br> Respondent. | Case No.: _____ |

### VERIFIED PETITION FOR WRIT OF MANDAMUS

Petitioner, Swing House Stages, Inc. d/b/a Swing House Rehearsal and Recording, Inc. ("Petitioner" or "Swing House"), by its undersigned counsel, petitions this Court for a writ of

mandamus directing Respondent, Isabella Guzman in her capacity as the Administrator of the United States Small Business Administration ("Respondent" or "SBA"), to promptly issue a decision on Petitioner's Request for Reconsideration of Respondent's decision to withdraw Petitioner's application for an Economic Injury Disaster Loan (EIDL). In support thereof, Petitioner states as follows:

## PARTIES

1. Petitioner, Swing House Stages, Inc. d/b/a Swing House Rehearsal and Recording, Inc., is a corporation organized under the laws of the State of California with its principal place of business located at 3229 Casitas Ave Los Angeles, California 90039.

2. Respondent, Isabella Guzman, is the Administrator of the United States Small Business Association.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States, specifically 28 U.S.C. § 1361.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because it is the District in which Respondent refused to perform the duty enjoined upon her by the Congress of the United States.

## STATUTORY BACKGROUND

5. Section 7(b)(2) of the Small Business Act authorizes SBA to make EIDL loans to eligible small businesses and nonprofit organizations located in a disaster area.

6. The SBA's EIDL loan program offers long-term, low-interest loans of up to $2 million to small businesses that suffer substantial economic injury as the result of a declared

disaster.

7. On or about March 2020, the United States was struck by the worldwide COVID-19 pandemic.

8. Consequently, the United States and local governments began issuing "stay at home" orders and forced many businesses to close in an effort to slow the spread of the COVID-19 virus.

9. On March 6, 2020, Congress deemed COVID-19 to be a disaster in Title II of the Coronavirus Preparedness and Response Supplemental Appropriations Act of 2020, Public Law 116-123, 134 Stat. 146, 147, allowing the SBA to declare disasters and make EIDL loans available to small businesses and nonprofit organizations suffering substantial economic injury as a result of the COVID-19 pandemic.

10. To bolster the economy and assist affected businesses, Congress presented the Coronavirus Aid, Relief, and Economic Security ("CARES") Act as H.R. 748.

11. On March 27, 2020, the CARES Act was signed into law by President Donald J. Trump.

12. Of relevance here, the CARES Act expanded eligibility and waived certain rules and requirements for EIDL loans.

13. The CARES Act provided the SBA in excess of $10 billion in funding to disburse EIDL loans to eligible small businesses experiencing "substantial economic injury" from the COVID-19 pandemic.

14. Under section 1110 of the CARES Act, EIDL loans are available to "small business concerns, private nonprofit organizations, and small agricultural cooperatives," as defined in the SBA's size standards in 13 CFR 121.201, or businesses that have 500 or fewer employees.

15. The opportunity for an eligible small business to obtain an EIDL is presently set to expire on May 16, 2022 when the SBA's "Rapid Portal" closes, or when allotted EIDL funds are exhausted, whichever occurs first.

## STATEMENT OF FACTS

16. Founded in 2000, Swing House is a small business located in Los Angeles, California that operates venue space and produce live shows by musicians and other performing artists.

17. At all times relevant to this Petition, Swing House employed fewer than 500 persons.

18. In 2020, Swing House became a distressed small business due to the impacts of the COVID-19 pandemic on the entertainment industry, suffering "substantial economic injury" as a result.

19. At all times relevant to this Petition, Swing House is eligible for an EIDL loan from the SBA.

20. To help mitigate against the impacts of the COVID-19 pandemic and continue operations, Swing House applied for an EIDL loan (Loan Application No. 3308502476) from the SBA on July 3, 2020.

21. Shortly thereafter, on July 7, 2020, the SBA notified Swing House that it would be withdrawing its EIDL loan application as duplicative because the SBA had received "multiple applications" for an EIDL loan from allegedly the same entity.

22. The SBA's decision to withdraw Swing House's Loan Application was made in error.

23. Swing House is its own, separate legal entity and is otherwise eligible for an EIDL loan from the SBA.

24. The source of the SBA's confusion with respect to receiving "multiple applications" for an EIDL loan from Petitioner stems from the SBA's receipt of a separate application for an EIDL loan from another affiliated company, Champion Site + Sound, LLC ("Champion Site + Sound").

25. Swing House and Champion Site + Sound are wholly-owned subsidiaries of Champion Matters, LLC (the "Parent").

26. Subsidiary companies of one parent entity are each eligible to receive an EIDL loan if each subsidiary business independently meets the eligibility requirements.

27. The SBA approved and disbursed an EIDL loan to Champion Site + Sound.

28. For convenience and expedience in the EIDL loan application process, Swing House's loan application listed some of the same contact information as that contained in Champion Site + Sound's application (e.g., applicant contact phone number and email address) as they are each subsidiaries of the same Parent.

29. But in reality, Swing House and Champion Site + Sound are separate and independent businesses from one another, and each have their own location, business contact information, email addresses, phone numbers, employer identification numbers, bank accounts, tax returns, revenues, employees, and clientele.

30. After discussing the bases of the SBA's decision to withdraw Swing House's EIDL loan application on multiple occasions with Scott McMurray, General Attorney, SBA Office of Disaster Assistance, on January 5, 2021, Swing House timely requested that the SBA reconsider its Loan Decision (Request for Reconsideration No. 0031790002150).

5

31. Between January and July 2021, Swing House provided the SBA with all of the requested and necessary documents to establish that Swing House is (1) a separate legal entity from that of Champion Site + Sound, and (2) meets the eligibility requirements for an EIDL loan in the requested amount ($2,000,000.00).

32. Specifically, Swing House provided to the SBA, among other things, the following documents, which the SBA has in its possession: 2019 tax return, 2019 financial statements, signed IRS Form 4506-T, Swing House's December 2019 and 2020 bank statements, Swing House's Articles of Incorporation, Swing House's Amended Articles of Incorporation, IRS Form 941 - December 2019 Quarterly Contribution Return and Report of Wages, voided checks for the bank accounts listed on Swing House's EIDL loan application, Swing House's December 2020 Schedule of Liabilities, and Valid identification.

33. On September 15, 2021, the SBA informed Swing House that it had received all of the requested information and documentation needed to process the Company's Request for Reconsideration. In addition, the SBA informed Swing House that a decision on the Company's Request for Reconsideration would be forth coming "in a few weeks."

34. However, the SBA failed to render a decision on the Company's Request for Reconsideration.

35. Having not heard from the SBA since September 15, 2021, on April 25, 2022, Swing House contacted the SBA for an update on the status of the Company's Request for Reconsideration.

36. The SBA informed Swing House that, contrary to its earlier representations, no action had been taken on the Company's Request for Reconsideration since September 15, 2021, and the Request for Reconsideration remains pending.

37. On April 30, 2022, the SBA sent correspondence to Swing House, informing the Company that the EIDL Portal will be closing on May 16, 2022 and that any requests for an increase in an EIDL loan must be received by no later than May 6, 2022.

38. The SBA's April 30, 2022 correspondence gives the impression that available funding for EIDL loans will be exhausted by May 6, 2022.

39. With Swing House's eligibility for an EIDL loan established since at least September 15, 2021, Swing House will be prejudiced in its ability to receive a needed EIDL loan should the SBA fail to immediately process and render a determination on the Company's Request for Reconsideration.

40. On May 3, 2022, Swing House, through counsel, sent correspondence to the SBA, including to the SBA's Administrator, Isabella Guzman, Acting General Counsel, Therese Meers, and Deputy Associate Administrator, Barbara E. Carson, requesting that the SBA render a decision on Swing House's Request for Reconsideration due to the anticipated exhaustion of funds.

41. Swing House informed the SBA that, if Swing House did not receive a response to its May 3, 2022 correspondence by May 5, 2022, Swing House would have no choice but to seek a petition for writ of mandamus from this Court.

42. The SBA failed to respond to Swing House by May 5, 2022, leaving Swing House no choice but to petition this Court for a writ of mandamus directing the SBA to render a decision on Swing House's Request for Reconsideration.

## COUNT I
## Writ of Mandamus

43. Petitioner incorporates, by reference, the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44. On or about March 2020, the United States was struck by the worldwide COVID-19 pandemic.

45. To bolster the economy and assist affected businesses, Congress presented the Coronavirus Aid, Relief, and Economic Security ("CARES") Act as H.R. 748.

46. On March 27, 2020, the CARES Act was signed into law by President Donald J. Trump.

47. The CARES Act provided the SBA in excess of $10 billion in funding to disburse EIDL loans to eligible small businesses experiencing "substantial economic injury" from the COVID-19 pandemic.

48. Under section 1110 of the CARES Act, EIDL loans are available to "small business concerns, private nonprofit organizations, and small agricultural cooperatives," as defined in the SBA's size standards in 13 CFR 121.201, or businesses that have 500 or fewer employees.

49. Swing House is eligible for an EIDL loan from the SBA.

50. On July 3, 2020, Swing House applied for an EIDL loan (Loan Application No. 3308502476) from the SBA.

51. On July 7, 2020, the SBA notified Swing House that it would be withdrawing its EIDL loan application as duplicative because the SBA had received "multiple applications" for an EIDL loan from allegedly the same entity.

52. The SBA's decision to withdraw Swing House's Loan Application was made in error.

53. On January 5, 2021, Swing House timely requested that the SBA reconsider its Loan Decision (Request for Reconsideration No. 0031790002150).

54. On September 15, 2021, the SBA informed Swing House that it had received all of the requested information and documentation needed to process the Company's Request for Reconsideration.

55. The SBA has failed to render a decision on the Company's Request for Reconsideration.

56. Swing House's Request for Reconsideration remains pending.

57. Under the CARES Act, Swing House is entitled to a determination from the SBA on its Request for Reconsideration for an EIDL loan.

58. By failing to issue a determination on Swing House's Request for Reconsideration, Respondent failed to perform a duty enjoined upon her by the CARES Act that involves no exercise of discretion.

59. On April 30, 2022, the SBA sent correspondence to Swing House, informing the Company that the EIDL Portal will be closing on May 16, 2022 and that any requests for an increase in an EIDL loan must be received by no later than May 6, 2022.

60. The SBA's April 30, 2022 correspondence gives the impression that available funding for EIDL loans will be exhausted by May 6, 2022.

61. With Swing House's eligibility for an EIDL loan established since at least September 15, 2021, Swing House will be prejudiced in its ability to receive a needed EIDL loan should the SBA fail to immediately process and render a determination on the Company's Request for Reconsideration.

62. Swing House lacks another adequate remedy to obtain a determination from the SBA on its Request for Reconsideration for an EIDL loan.

63. Based on the foregoing, Respondent should be directed to promptly issue a determination on Swing House's Request for Reconsideration.

## PRAYER FOR RELIEF

WHEREFORE, the foregoing considered, Petitioner prays:

a. That the Court enter judgment in Petitioner favor and against Respondent;

b. That the Court direct Respondent to promptly issue a determination on Swing House's Request for Reconsideration;

c. That the Court award Petitioner its attorneys' fees and costs incurred; and

d. That the Court award Petitioner such other and further relief as this Court deems just and proper under the circumstances.

## VERIFICATION

I, Genoveva Winsen, declare under the penalty of perjury under the law of California, that I am an adult resident of California, 18 years of age or older at the time of this writing, and I am competent to testify as to the matters herein as set forth based on my own personal knowledge; that I am the Chief Financial Officer of Petitioner in the above-entitled matter; that I have read the Petition for Writ of Mandamus and know the contents thereof and that the same is true, except as to matters stated therein upon information and belief as to those matters I state that I believe them to be true.

Signed this 6th day of May, 2022.

_____
Genoveva Winsen

DocuSign Envelope ID: 3B7E5148-E970-4483-8DA8-D286C6E49B90

SWING HOUSE STAGES INC. D/B/A SWING HOUSE REHEARSAL AND RECORDING, INC.

Dated: May 6, 2022  By Counsel: /s/ Todd M. Reinecker
Todd M. Reinecker (Bar No. MD27082)
*treinecker@pilieromazza.com*
**PILIEROMAZZA PLLC**
1910 Towne Centre Boulevard, Suite 250
Annapolis, Maryland 21401
Ph: (410) 500-5551

Matthew E. Kreiser (Bar No. MD0053)
*mkreiser@pilieromazza.com*
**PILIEROMAZZA PLLC**
1001 G Street NW, Suite 1100
Washington, DC 20001
Ph: (202) 857-1000

*Attorneys for Petitioner*